**SO ORDERED.**

**SIGNED this 26 day of April, 2007.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:                                                                      CASE NO.

BILLY G. BRITT                                                     06-03177-8-RDD

      DEBTOR

**ORDER DENYING OBJECTION TO CLAIM OF EXEMPTIONS**

      This matter is before the court on the objection by the trustee to the debtor's claim of exemptions in 20 mobile homes. The debtor claims an exemption in the homes as tenancy by the entirety property. The trustee alleges that the homes are owned solely by the debtor and are therefore not exempt. A hearing was held in Wilson, North Carolina on April 12, 2007.

      At the hearing, the debtor testified that he and his wife, Joann Britt, have been married for forty years, having been married in 1967. Approximately eight years ago, Mr. Gerald Barfield, for whom the debtor had done paving work, approached the debtor about a mobile home park Mr. Barfield had purchased after it had been condemned. Mr. Barfield offered to rent the park to Mr. Britt and also allowed him to take possession of approximately twenty mobile homes on the property which had been abandoned. The debtor testified that, although the conversations with Mr. Barfield regarding the homes did not involve

Mrs. Britt, the debtor discussed the opportunity with her before they decided to pursue it, and the debtor considered them to be entering the venture jointly.

The debtor testified that he and his wife pay rent to Mr. Barfield for the property on which the homes are situated. They also pay the county property taxes on the property and the mobile homes. The debtor explained that, because the mobile homes were condemned, there are no titles for them. However, the tax listing for the mobile homes includes the names of the debtor and his wife.

The debtor testified that he and his wife remodeled most of the abandoned mobile homes together and rented them. They operate a business known as "Britt Rentals" from an office located near the mobile home park. His wife manages the business on a daily basis. Both the debtor and his wife participate in the maintenance and remodeling of the homes. They have a joint checking account in the name of the business, from which expenses of the business are paid. The debtor's wife has a Lowe's credit card in the name of the business, which is used to purchase supplies for remodeling and making repairs to the homes.

The debtor admitted that the income and expenses involved with the mobile homes has always been filed on his separate tax returns. The debtor and his wife have always filed separate tax returns. The debtor's wife no longer files a tax return, as her only income is approximately $325.00 per month in Social Security.

Counsel for the debtor argues that the homes are held as a tenancy by the entirety. He refers to N.C. Gen. Stat. § 41-2.5 (2005), which states:

> (a)    When a husband and wife become co-owners of a mobile home, in the absence of anything to the contrary appearing in the instrument of title, they become tenants by the entirety with all the incidents of an estate by the entirety in real property, including the right of survivorship in the case of death of either.

2

   (b) For the purpose of this section it shall be immaterial whether the property at any particular time shall be classified for any purpose as either real or personal. The provisions of subsection (a) shall not limit or prohibit any other type of ownership otherwise authorized by law.

Counsel argues that, because these mobile homes were taken by the debtor and his wife during the course of their marriage, the debtor and his wife own them as tenants by the entirety. He argues that the evidence presented, including the division of work, the joint checking account, and the tax listing for the mobile homes, all support the premise that the debtor and his wife took these mobile homes together. He further argues that there is nothing to contradict the estate being a tenancy by the entirety, as required by the statute.

  Counsel for the debtor also points to the law regarding equitable distribution in this state for guidance as to how ownership of the homes should be treated. He cites the definition of "marital property" in N.C. Gen. Stat. § 50-20 (2005), which includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage . . . ." He further relies on the case of <u>Locklear v. Locklear</u>, 92 N.C. App. 299, 374 S.E.2d 406 (1988), which found that home improvements made by the husband and wife to property owned by a third party, during the course of their marriage, was marital property.

  The trustee argues that the intent of the parties must be determined at the time of the transfer. At that time, Mr. Barfield, the grantor, intended to transfer these homes to the debtor and not to the debtor and his wife. The debtor's wife was not present during the discussions between Mr. Barfield and the debtor. There are no documents to indicate that they were transferred to the debtor and his wife either at the time of transfer from Mr. Barfield or subsequently thereto. All evidence supporting joint ownership

occurred after the transfer. In response to the debtor's reliance upon Locklear, the trustee points out that the case addresses only home improvements and not the underlying ownership of the property to which the improvements were made.

The trustee and debtor's counsel agree there are no joint unsecured debts for which jointly held property could be liquidated. See Sumy v. Schlossberg, 777 F.2d 921 (4th Cir. 1985).

Bankruptcy Rule 4003(c) provides that, in cases involving objections to exemptions, "the objecting party has the burden of proving that the exemptions are not properly claimed." In fact, North Carolina law requires that exemption laws be "liberally construed in favor of the debtor. . . ." In re Mims, 49 B.R. 283, 286 (Bankr. E.D.N.C. 1985) (citing Goodwin v. Claytor, 137 N.C. 224, 49 S.E. 173 (1904); Elmwood v. Elmwood, 295 N.C. 168, 244 S.E.2d 668 (1978); Hyman v. Stern, 43 F.2d 666 (4th Cir. 1930); In re Laughinghouse, 44 B.R. 789 (Bankr. E.D.N.C. 1984); In re Love, 42 B.R. 317 (Bankr. E.D.N.C. 1984)).

The debtor's argument included reliance upon N.C. Gen. Stat. § 50-20, which defines "marital property" for purposes of equitable distribution. The debtor argues that this statute provides that the mobile homes in this case are marital property and, therefore, should be treated as tenancy by the entirety property. However, the law of this district holds that "marital property," as defined for equitable distribution purposes, does not bestow an ownership interest sufficient for which to claim an exemption. See In re Horstman, 276 B.R. 80, 82-83 (Bankr. E.D.N.C. 2002). Therefore, N.C. Gen. Stat. § 50-20 and Locklear v. Locklear, 92 N.C. App. 299 374 S.E.2d 406 (1988), are inapplicable to this case.

The debtor also relies upon N.C. Gen. Stat. § 41-2.5. Although enacted in 1981, there appears to be only one case on record which has applied this statute. In United States v. 1999 Starcraft Camper

4

Trailer, VIN # 1 SABS02R8X1UR3942, 2006 WL 2921722 (M.D.N.C. Oct. 10, 2006), the District Court for the Middle District of North Carolina applied the statute with regard to the seizure of a camper which was used to facilitate drug trafficking.  The wife of the man charged in relation to the illegal drug activity alleged that she was an owner of the camper and should be protected pursuant to United States v. 35 Acres in Cherokee County, 940 F.2d 654 (4th Cir. 1991), which held that a tenancy by the entirety interest in property cannot be forfeited to the government based on one spouse's criminal activity.  In support of her argument, the wife alleged that the camper was owned by tenancy by the entireties pursuant to N.C. Gen. Stat. § 41-2.5.  After determining that the camper did qualify as a "mobile home" pursuant to the definition provided by N.C. Gen. Stat. § 41-2.5(c), the court turned to the issue of whether the wife was a "co-owner" within the meaning of the statute.  In that case, the camper was *titled* in the name of the husband alone.  The court found that there was no tenancy by the entirety since the wife was unable to produce evidence to overcome the presumption created by the title.

Although not specifically dealing with title to a mobile home, In re Horstman, 276 B.R. 80 (Bankr. E.D.N.C. 2002), explored the possibility of a debtor claiming an exemption in property titled solely in another party.  After determining that a wife could not claim an exemption in a motor vehicle titled solely in her husband's name based upon the definition of "marital property" contained within the equitable distribution statute, the court stated that it "is aware of circumstances under which a debtor conceivably could claim an exemption in a vehicle titled in the name of another person." Id. at 83.  The court then referred to cases allowing a wife to claim an exemption in a vehicle titled to her husband where the evidence indicated that the vehicle was used only by the wife and allowing a debtor to overcome the presumption of ownership in the debtor's spouse created by the title to a camper where the debtor showed that her

5

father paid the majority of the purchase price. It appears the court determined that the specific facts and circumstances surrounding the ownership of property could overcome the presumption created by a title.

Although all of the cases cited hereinabove involved situations where a title existed, this case involves mobile homes to which no title exists. Therefore, the only evidence as to how this property was owned are the facts and circumstances surrounding the transfer and use of the homes. In this case, both parties agree that the mobile homes were transferred by Mr. Barfield to the debtor, although it is unclear if the mobile homes were also transferred to the debtor's wife at that time. There were no certificates of title on the mobile homes, as they were abandoned property. Mr. Barfield's intent to transfer ownership is evidenced by his agreement with the debtor, allowing him to remodel and rent the mobile homes, while paying rent to Mr. Barfield on the property on which the homes are situated.

Because there are no instruments evidencing ownership of the mobile homes, there is no documentary proof as to whether the homes are owned by the debtor alone, or whether they are owned by the debtor and his wife. However, the intent of the debtor may also be examined to determine if an exemption is correctly claimed. In re Foster, 348 B.R. 58 (Bankr. E.D.N.C. 2006). In this case, it does appear that, if the homes were not originally transferred to the debtor and his wife, the debtor intended to further transfer the property to himself and his wife. This is evidenced by his discussion with his wife, prior to accepting Mr. Barfield's offer. It is further evidenced by the Wayne County tax listing, which identifies the property as belonging to "Britt, Billy & Wife." Debtor's Exhibit G. Therefore, the debtor's wife is equally liable for the property taxes on the homes. There was also an equal division of duties between the debtor and his wife with regard to the maintenance of the mobile homes. All rents from the homes were deposited and expenses related to the homes paid out of a joint checking account. The repairs made to

the homes were charged to an account with Lowe's in the name of the debtor's wife. In reviewing the petition of the debtor, it appears that all other real property owned by the debtor is listed in both parties' names. Schedule A of the debtor's petition lists eight pieces of real property owned as tenants by the entirety and are claimed as exempt pursuant to the tenancy by the entireties exemption in Schedule C.

The only evidence to dispute this evidence of a tenancy by the entirety are the tax returns filed by the debtor, separately from his wife, claiming all of the income and expenses associated with the mobile homes. Although the law does require the division of income and expenses between the owners of the property, this evidence was sufficiently rebutted by the debtor's testimony that his wife no longer files returns because of her lack of income. N.C. Gen. Stat. § 39-13.6(c).

As mentioned previously, N.C. Gen. Stat. § 41-2.5 provides for a tenancy by the entirety interest in a mobile home if a husband and wife become co-owners of the home. The preponderance of the evidence establishes that the debtor and his wife intended to own the homes as co-owners. From that evidence, it is logically reasonable to determine that, had a title existed, it would have been placed in both parties' names, whether by Mr. Barfield at the time of the original transfer or by the debtor thereafter.

Based upon the foregoing, the court finds that the trustee has failed to meet his burden of proving that the exemptions are not properly claimed and the trustee's objection is therefore **DENIED**. The debtor's tenancy by the entirety exemptions as claimed in the mobile homes are **ALLOWED**.

**SO ORDERED**.

**END OF DOCUMENT**